

# UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 6th day of April, two thousand and five.

Present:   HON. RICHARD C. WESLEY,
           HON. PETER W. HALL,
                       *Circuit Judges,*
           HON. MICHAEL B. MUKASEY,
                       *Chief District Judge.*[1]

UNITED STATES OF AMERICA,

           *Appellee-Cross-Appellant,*

- v -                                        (04-3769(L))
                                             (04-3773)

JOSE RIVERA,

           *Defendant-Appellant-Cross-Appellee.*

---

Appearing for Appellee-Cross-Appellant:   ERIC J. GLOVER, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut; William J. Nardini, Assistant United States Attorney, *on the brief*) New Haven, CT.

Appearing for Defendant-Appellant-Cross-Appellee:   PAUL F. THOMAS, Assistant Federal Defender (Thomas G. Dennis, Federal Public Defender) New Haven, CT.

---

[1] The Honorable Michael B. Mukasey, Chief Judge of the United States District Court for the Southern District of New York, sitting by designation.

1

ISSUED AS MANDATE: 4-27-05

Appeal from the United States District Court for the District of Connecticut (Underhill, J.).

1  **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**
2  **DECREED** that the judgment of the District Court convicting Rivera of being a felon in
3  possession of a firearm in violation of 18 U.S.C. § 922(g) be **AFFIRMED**, and that the ten year
4  sentence imposed by the district court be **VACATED** and **REMANDED** for resentencing under
5  18 U.S.C. § 924(e).

6  Defendant Rivera was tried before a jury on a charge of being a felon in possession of a
7  firearm in violation of 18 U.S.C. § 922(g). At trial, the Government put on evidence that the
8  firearm in Rivera's possession at the time of his arrest in Connecticut had been manufactured in
9  Massachusetts. The Government did not, however, put on evidence as to how the firearm had
10 moved from Massachusetts to Connecticut. Over defendant's objection, the district court
11 instructed the jury that, as to the interstate commerce requirement of 18 U.S.C. § 922(g):

12 > The third element that the government must prove beyond a reasonable
13 > doubt is that the specific firearm Jose Rivera is charged with possessing had been
14 > transported in interstate or foreign commerce prior to March 4, 2003.
15 > This means that the government must prove that at some time prior to the
16 > defendant's possession the firearm at issue had been transported in interstate or
17 > foreign commerce. The government can satisfy this element by proving that at
18 > any time prior to March 4, 2003, the firearm crossed a state line or the United
19 > States border. It is not necessary that the government prove that the defendant
20 > himself carried it across a state line or that the defendant knew that the firearm
21 > had previously been transported in interstate commerce.
22 Government's Brief at 14-15 (quoting Tr. 481-82).

23 At sentencing, the Government argued that Rivera should be sentenced under the Armed

1   Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he had been convicted of three

2   predicate felonies, the third of which was first degree escape. Rivera contested that his escape

3   conviction qualified as a predicate felony for sentencing under the ACCA. The district court

4   concluded that it did not, because it was an escape conviction for failure to return, which the

5   district court concluded was not a crime that "involves conduct that presents a serious potential

6   risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Thus, the district court

7   sentenced Rivera to ten years of imprisonment, rather than to the fifteen year statutory mandatory

8   minimum under the ACCA. The Government and defendant appeal.

9       As they did below, defendant and the Government argue that the district court erred.

10  Defendant contends that the district court improperly instructed the jury as to the interstate

11  commerce requirement of 18 U.S.C. § 922(g) while the Government presses that the district

12  court improperly refused to sentence defendant under the Armed Career Criminal Act, 18 U.S.C.

13  § 924(e).

14      Defendant's specific contention is twofold. Defendant's first argument is that the

15  government's evidence that the firearm crossed a state line, without more, is insufficient to

16  establish that the firearm had been transported in interstate commerce. *See* Defendant's Brief at

17  10. Defendant's second argument is that, for the same reasons that the government's evidence

18  was insufficient, the jury charge as to the interstate commerce requirement was in error because it

19  "established a conclusive but erroneous presumption, in violation of the defendant's due process

20  rights under the Fifth Amendment." Defendant's Brief at 17. The Government responds that

21  Second Circuit precedent clearly condones the jury charge as it was given, and that therefore

there was no error and the Government's evidence was sufficient. In light of *United States v. Carter*, 981 F.2d 645, 648 (2d Cir. 1992) (citing *Scarborough v. United States*, 431 U.S. 563 (1977)), we agree with the Government and affirm Rivera's conviction.

The Government's contention as to Rivera's sentence is that under *United States v. Jackson*, 301 F.3d 59 (2d Cir. 2002), Rivera's previous escape conviction qualifies as a predicate felony for sentencing under the ACCA. We agree. *Jackson* brushed with a broad stroke, taking a categorical approach, as instructed by *Taylor v. United States*, 495 U.S. 575, 600-02 (1990). *See* 301 F.3d at 61. Specifically, in *Jackson* we "look[ed] only to the fact of conviction and the statutory definition of the prior offense rather than to the underlying facts of a particular offense." *Id.*

We thus framed the issue in *Jackson* as "whether escape, regardless of the particular circumstances, amounts to a violent felony under § 924(e); that is, whether every escape constitutes 'conduct that presents a serious potential risk of physical injury to another.'" *Id.* at 61-62. We concluded that it did, observing that "[e]very circuit court that has considered the issue has held that an escape, from whatever location by whatever means, constitutes 'conduct that presents a serious potential risk of physical injury to another.' *See, e.g., United States v. Hairston*, 71 F.3d 115, 117-18 (4th Cir. 1995); *United States v. Houston*, 187 F.3d 593, 594-95 (6th Cir. 1999); *United States v. Moudy*, 132 F.3d 618, 620 (10th Cir. 1998)." *Id.* at 62. That observation remains true today; indeed, four circuits have since joined us, three of them citing *Jackson* in the process. *See, e.g., United States v. Thomas*, 361 F.3d 653, 660 (D.C. Cir. 2004), *vacated on other grounds*; *United States v. Bryant*, 310 F.3d 550, 553-54 (7th Cir. 2002); *United*

States v. Turner, 285 F.3d 909, 915 (10th Cir. 2002).

We explicitly stated in Jackson that:

> An inmate who escapes by peacefully walking away ... will (if he can) be inconspicuous and discreet, and will (if he can) avoid confrontation and force. But escape invites pursuit; and the pursuit, confrontation, and recapture of the escapee entail serious risks of physical injury to law enforcement officers and the public.

301 F.3d at 63. Failure to return is a type of escape. See BLACK'S LAW DICTIONARY 564 (7th ed. 1999) ("1. The act or an instance of breaking free from confinement, restraint, or an obligation. 2. An unlawful departure from legal custody without the use of force."). Because we held in Jackson that "every escape constitutes 'conduct that presents a serious potential risk of physical injury to another,'" 301 F.3d at 61-62, we now conclude that Jackson's broad holding precludes the district court's evaluation of whether the crime of failure to return "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). As such, defendant must be resentenced under the ACCA.

Accordingly, for the reasons set forth above, the judgment of the District Court convicting Rivera of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) is hereby **AFFIRMED**, and the ten year sentence imposed by the district court is hereby **VACATED** and **REMANDED** for resentencing under 18 U.S.C. § 924(e).

For the Court
Roseann B. MacKechnie, Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
DEPUTY CLERK

By: _____