UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:03CR242(SRU) |
| | : | |
| v. | : | June 20, 2005 |
| | : | |
| JOSE RIVERA | : | |

GOVERNMENT'S MEMORANDUM IN REPLY TO
DEFENDANT'S SENTENCING MEMORANDUM

The United States of America, by and through the undersigned Assistant United States Attorney, hereby respectfully submits this Memorandum in Reply to Defendant's Sentencing Memorandum.[1]

**I.      The Mandate Requires Sentencing the Defendant Under the ACCA, and In Any Event the Defendant Has Waived Any Argument Based on *Apprendi v. New Jersey***

The Court of Appeals' mandate in this case requires rejecting the defendant's argument opposing imposition of a sentence under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e), based on Apprendi v. New Jersey, 530 U.S. 466 (2000). The mandate makes clear that the remand in this case is not simply for resentencing generally but for "resentencing under 18 U.S.C. § 924(e)." See United States v. Rivera, 04-3769(L), 2005 WL 767437, at * 3 (2d Cir. 2005) (stating that "the ten year sentence imposed by the district court is hereby vacated and remanded for resentencing under 18 U.S.C. § 924(e)"); see also id. (stating that "defendant must be resentenced under the ACCA"). The mandate thus requires that the Court sentence the defendant pursuant to the ACCA.

The defendant has never raised his Apprendi-type argument previously and cannot raise it at this stage of the proceedings. This Court conducted a sentencing hearing in May 2004 at which the most important issue was whether the defendant would be sentenced under the ACCA. The court concluded that the ACCA did not apply for the reasons advanced by the defendant --

---

[1] The Government filed its Sentencing Memorandum on June 10, 2005.

specifically, that first-degree escape under Connecticut law is not a violent felony under the ACCA. The defendant advanced no other grounds as to why the ACCA did not apply.

After the defendant appealed his conviction, the government cross-appealed the court's determination on the ACCA. In the Court of Appeals, the defendant did not make any argument as to why the ACCA did not apply other than that escape did not constitute a predicate offense. The Court of Appeals agreed with the government, vacated the sentence and remanded for imposition of a sentence under § 924(e). The defendant cannot now on remand from that decision raise for the first time an Apprendi-type claim that the government had to allege three prior violent felony convictions in the indictment and that the jury had to find that three prior violent felony convictions. See United States v. Quintieri, 306 F.3d 1217, 1229 (2d Cir. 2002) ("we conclude that the law of the case ordinarily prohibits a party, upon resentencing or an appeal from that resentencing, from raising issues that he or she waived by not litigating them at the time of the initial sentencing").[2]

## II.  The Defendant's Criminal History is Not Over-Representative

The defendant also argues that his status as an Armed Career Criminal under § 4B4.1 overstates the seriousness of his criminal history under § 4A1.3. The defendant argues that this Court should depart because this Court "can and should give due consideration to the reality of the non-violence of the [third] qualifying 'violent felony.'" Def. Mem. at 5. The defendant asks that this Court do so essentially on the basis that his criminal history category significantly over-represents the seriousness of his criminal history. Id. at 5-6.

While the defendant is correct that at the first sentencing hearing in this case the Court did indicate that it was favorably inclined to such a departure if the ACCA were to apply, the Court also made it very clear that the defendant's criminal history was serious: "I'm looking at what

---

[2] In addition, the defendant also waived any such Apprendi-type argument about his prior convictions based on the fact that at trial he stipulated to the existence of a prior felony conviction, thereby depriving the government of the opportunity to present any evidence about the defendant's criminal record. See Old Chief v. United States, 519 U.S. 172, 174 (1997) (requiring prosecution to accept defendant's offer to stipulate to the fact of a prior qualifying conviction).

you've done in the past and you have a lot of convictions and some serious convictions and you got up into criminal history six without any help from the armed career criminal provisions of the guidelines, so you've got a very serious criminal history and that causes judges frankly to treat people more harshly at the time of sentencing." Tr. at 34 (5/28/04 Sent. Hearing). The Court was correct that the defendant has a serious criminal history, and it is therefore difficult to see any basis for a departure based on the defendant's criminal history.

In seeking this departure, the defendant asks the Court to do precisely what armed career criminal caselaw prohibits -- look behind the fact of a conviction for a crime of violence and depart because there was no actual violence. A departure on such grounds would gut the categorical approach of Taylor v. United States, 495 U.S. 575, 602 (1990), as anytime three predicate offenses are found to exist, it would force the government into mini-trials at sentencing over whether any one of the underlying predicate offenses entailed actual violence, precisely the result Taylor sought to avoid. In this case, for instance, all the court has before it to show that the escape conviction was "without incident, resistance or flight" is Rivera's word. That may or may not be the case, but it is besides the point under Taylor. And the government should not here -- or in other cases -- be required to litigate the underlying facts of prior predicate felonies to persuade a court not to depart because one of the predicate offenses may have not involved actual violence, resistence or the like.

The defendant claims that the way in which his sentence here was determined -- through categorical analysis of three prior predicate offenses -- "was not a factor that was fully taken into consideration by the Commission in formulating the guidelines." Def. Mem. at 6. This is simply not so. Taylor was decided in 1990, and the categorical approach has been used by courts for 14 years to determine armed career criminal status under § 4B4.1. The defendant is asking this Court to take away by a departure a guidelines sentence of imprisonment that Congress, the Commission and the Supreme Court understood would be imposed on a defendant with a criminal history like Rivera's.

3

The defendant's 17 criminal history points places him well above the 13 points needed for a criminal history category ("CHC") of VI. He also has three convictions for which no criminal history points were assessed, including two such convictions for third-degree assault. See PSR at ¶¶ 21-23. The defendant's string of convictions are serious – possession of narcotics with intent to distribute, possession of narcotics, and a second-degree assault related to gang activity. The failure to appear that the defendant attempts to minimize (see Def. Mem. at 6) was originally charged as possession of narcotics; he was sentenced to 3 years' imprisonment for it. See PSR at ¶ 27. Furthermore, the defendant committed the instant offense less than two years after his release from prison.

Simply put, this is not a case where the record warrants a departure for over-representation. Indeed, the Second Circuit has upheld *upward* departures *from* CHC VI based on *under*-representation for defendants with similar criminal records. See, e.g., United States v. Thomas, 6 F.3d 960, 963-64 (2d Cir. 1993) (upholding upward departure from CHC VI where the defendant's "criminal history included 17 criminal history points, well above the 13-point threshold to category VI," and where the defendant "committed a number of crimes that were not added to his criminal history points because they were outdated"); United States v. Ashley, 141 F.3d 63, 69-70 (2d Cir. 1998) (upholding four-level upward departure for a defendant with a CHC VI and noting that the defendant's criminal history involved assault and narcotics offenses and reflected a high-degree of recidivism).[3]

### III. The Offense Conduct Did Not Fall Outside the Heartland

The defendant also seeks a departure based on his contention that his offense was not within the heartland range of offenses for felon-in-possession cases. The defendant cites no cases indicating that a heartland firearm possession must entail a possession of some temporal

---

[3] Moreover, the November 5, 2003 guidelines manual was used in this case, and the defendant has not objected to it. See PSR ¶ 11. Under that guidelines manual, § 4A1.3(b)(2)(B) prohibits any departure for over-representation for defendants deemed armed career criminals under § 4B1.4. However, the guidelines manual in effect at the time of the offense did not so limit over-representation departures.

4

duration.  The government does not have to show at sentencing just how long the defendant possessed the firearm prior to being apprehended or the reason that he possessed the firearm – impossible tasks given the nature of felon-in-possession cases.  Nor does the defendant cite any caselaw that a firearm must be loaded for the offense not to fall outside the heartland of possession.  See Def. Mem. at 7.

In any event, the only witness who testified that the defendant "had taken temporary possession [of the gun] for the limited purpose of storing it for the owner" (see id.) was defense witness Luciana Rodriguez, a witness whom defense counsel told the jury in summation not to credit because her testimony confused and mistaken.  Now at sentencing the defendant asks this Court to rely on her testimony to show that the offense was not within the heartland for possession cases.  Defense counsel had it right at summation – Luciana Rodriguez's testimony should not be credited.[4]

In any event, this Court rejected defendant's same argument at the previous sentencing hearing, and the Court should reject it for the same reasons now:

> [Q]uite simply . . . I don't see your possession of this weapon as being outside . . . what we call [the] heartland of these cases.  This is a situation in which you either had it in your room or you had it in your hand in the doorway and really either way, it's a possession of a very dangerous weapon by someone who's not permitted to have it and I think it's just as simple as that. . . .  I don't believe that aspect of your case is extraordinary or unusual that would put it outside the heartland . . . .

Tr. at 32.

---

[4] Moreover, even if this Court were to credit her testimony, the record would still not support an outside-the-heartland departure.

**Conclusion**

For the foregoing reasons, the government respectfully requests that this Court sentence the defendant to a term of imprisonment within the guidelines range of 262 to 327 months.

                              Respectfully submitted,

                              KEVIN J. O'CONNOR
                              UNITED STATES ATTORNEY

By:    STEPHEN REYNOLDS
         ASSISTANT U.S. ATTORNEY
         Federal Bar No. CT19105
For:   ERIC J. GLOVER
         ASSISTANT U.S. ATTORNEY
         Federal Bar No. CT23923
         157 Church Street, 23rd Floor
         New Haven, CT  06510
         Tel.: (203) 821-3745
         Fax: (203) 773-5378
         eric.glover@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I, Eric J. Glover, hereby certify that on June 20, 2005, I caused a copy of the foregoing Government's Memorandum in Reply to Defendant's Sentencing Memorandum to be sent by facsimile to:

>Paul Thomas, Esq.
>Assistant Federal Defender
>2 Whitney Avenue, Suite 300
>New Haven, CT 06510
>Fax: 203-498-4207

By:    Stephen B. Reynolds
           Assistant U.S. Attorney

For:   Eric J. Glover
           Assistant U.S. Attorney