THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSE M.RIVERA, PROSE, MOVANT

VS.

UNITED STATES OF AMERICA,
RESPONDENT

FILED
DECEMBER 2006, DEC 26 A 10:54

03-CR-0242 DISTRICT COURT

## MOTION FOR COLLATERAL RELIEF, THAT IS, A EVIDENTIARY HEARING

This court has jurisdiction to entertain this motion pursuant to 28 U.S.C.§ 2255 & the F.R. Civil P., R.8..The movant, Prose will first claim & demonstrate his actual innocence! The movant will next claim & demonstrate, cause and prejudice pursuant to U.S.vs.Frady(1982)

Decision: "Cause & Actual Prejudice" rather than "Plain Error" of R.52(b) of the F.R.Crim.,P., held to be proper standard of review on motion for collateral relief.71 L.Ed.2d 816,Reversed&Remanded!

J.Stefan R.Underhill presided over the following stages of the proceedings: pretrial, trial, (3-8-04 - 3-10-04)Guilty by jury, and sentenced on 5-28-04. Mr.Paul F.Thomas represented the movant J.M.Rivera, during the following: pretrial, trial, conviction, sentencing and appeal.(USA vs.Rivera 127 Fed Appx. 543(C.A.2, 4-6-05) Judges: Wesley, Hall, Mike B.Mukasey.affirmed! Thomas was court appointed. Mr.Thomas P.Belsky, Assist Fed., Defender filed the Petition for a Writ of Certiorari dated 4-19-06 and was denied on 5-22-06. J.M.Rivera vs.U.S. 164 L.Ed.2d #7(7-11-06)p.831, #05-10511. Eric Glover AUSA represented the USA. R., was charged & convicted in the U.S.D.Court for being a convicted felon illegally in possession of a firearm,violation of 18U.S.C§ 922(g)(1). R.,was sentenced to 10 years in prison. R., appealed the conviction. The USA appealed the sentenced!

### STATEMENT OF THE FACTS

At the time of Rivera's arrest on 3-4-03, at 233 River st.,Waterbury,Conn. The movant was a resident of that city & state, and a citizen of the USA. According to Conn., newspapers,Conn., cities, state, including the federal District of Conn., are all rife with corruption. A top official in Conn., a federal prosecutor once dubbed it "Corrupticut".Waterbury Republican 1-29-05, p.3.The Former Conn., Gov.,J.G.Rowland recently pleaded guilty to corruption charges. Rowland's top aide and a state contractor were both under indictment and the former state treasurer recently was released from prison.The former mayor of Waterbury,Philip A.Giodano was convicted of violating 18U.S.C.§242, &sentenced to 37 years in prison. See U.S.vs.Giordano259F.S.2d 146(D-Conn.) ___Santopietro another former Waterbury mayor was convicted of "federal corruption charges"& sentenced to prison.See 996F2d17(1993) 166 F3d 88(2ndCir.1999) The former ___ mayor of Bridgeport J.P.Ganim was convicted of violating 16 federal corruption charges&sentenced to 9 years in federal prison in 2003.

The following lawsuits, precluded summary judgment against the W.Police Dept.,and are still

1)

pending as follows:

        Gabazo vs. Waterbury 303 F.S 2d 213(D-Conn.04) An "excessive force" claim. Mark Santopietro, a Waterbury Policeman stated that he was not present during the incident. Jose Gabazo, however testified that he was present.(M.S.,is also one of the arresting police officers in the instant case)

        Notice vs. Koshes 386 F.S.2d 23(D-Conn.05)"Genuine issue of material fact as to whether Police knocked & announced presence before entering residence precluded summary judgment on unreasonable search claims."

        Svitik vs.O'Leary 419 F.S.2d 189(D-Conn.06)"Genuine issue of material fact, regarding whether police Detectives forces suspect to go to the WPD by expressly to threatening to arrest him and tow his car if he refused, precluded summary judgment on suspect's claim against Police Capt., O'Leary, alleging a 4th amdt., violations."

The U.S. Magistrate Judge, Joan G. Margolis was accused by an FBI Special Agent of rubber stamping arrest warrants, in a False Affidavit's Scandal during 1999. See Woods vs. FBI 312 F.S.2d 328(D-Conn.04) 432 F3d 78(2nd Cir.05). The former Police chief of the New Haven P.D., Nicholas Pastore created a bi-racial daughter with a Colored prositute. See R.Crockett vs. N.Pastore 259 Conn. 240/789 A2d 453(1-29-02).

    R., was arrested about 7P.M., At the time of his arrest, he was employed at F.C.T., Electronics in Waterbury, Conn., Rivera's occupation was a welder there, earning $11.00 an hour. R., was employed there for about 1½ years, before this arrest. R., paid his income tax. R., SS#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. R., resided at 64 Piedmont st, Waterbury, Conn., R., was initially charged with state violations, See Conn.vs R., CR4-02-312859 & CR03-319117. Mr.W.f.Hickey III was retained by L.Rodriguez(Her name is on the lease at the Apt., where the inicident occurred) to represent the movant. R., pleaded "Not guilty" to the charges and the case was nolled on 10-17-03. However on 8-26-03, a federal Grand Jury had returned a indictment, USA vs R., During the pretrial or trial stages, Mr.Thomas never requested thee 911 call tape(It was suppose to have been a anonymous telephone call) or the Police Radio Communications there after.(See Conn. vs Betances 828 A.2d 1248(C.2003)

footnote #5,"The def., first subpoenaed the keeper of records of the N.H.P.D., and requested the following:

(2)Transcripts of any radio communication .......... .......... .., p.1253,

(C.App.06)                     (See also Conn.vs.Bermudez 897 A.2d 661

footnote #2,"The def., also argued that the prosecutor committed misconduct by failing to disclose in a timely manner 6 audiotapes of radio transmissions and 911 calls between....... p.664, (Waterbury Police Dept.)

The firearm, a shotgun, was manufactured in the state of Mass., during 1960. 43 years, before R., was arrested for illegally possessing it! The serial # was obliterated. It was insscribed with the words "made in Maass.,". At trial, the G., claimed to put on evidence that R., actually possessed the firearm. The G., did not, put on any evidence, as to how long or when the firearm came to Conn., At trial, Thomas contended that the U.S.D.Court improperly instructed the jury as to the interstate commerce

requirement of 18 U.S.C.§ 922(g):

"The 3rd elements that the G., must prove beyond a reasonable doubt is that the specific firearm R., is charged with possessing had been transported in interstate or foreign commerce prior to 3-4-03. This means that the G., must prove that at some time prior to the defendant's possession the firearm at issue had been transported in interstate or foreign commerce. The G., can satisfy this element by proving that at anytime prior to 3-4-03, the firearm crossed a state line or the U.S., border. It is not necessary that the G., prove that the def., himself carried it across a state line or that the def., knew that the firearm had previously been transported in interstate commerce." Government's Brief at 14-15(quoting Tr. 481-82)

While the G., contended that the U.S.D.Court improperly refused to sentenced R., under the ACC Act 18 U.S.C.§924(e). The conviction was affirmed on appeal, and that the 10 year sentence was vacated & remanded for resentencing to 15 years

The movant has already been declared Indigent, therefore he did not file an Informa Pauperis motion along with this litigation.

Michael Slavin, Sgt Richard Brown, Edward Apicella ____ Padua, Mark Santopietro are just a few of the police officers from the WPD. Over 10 latinos& latinas(not including R.)were also arrested. The Police claimed & testified that they seen R., actually in possession of the firearm, upon there arrival. However Thomas still did not subpoena the 911 call(anonymous)& the Radio (Police)Communications, before & after Rivera's arrest. R., was arrested at the Apt.,2nd Flr.,.. During the year 05, R., filed a Complaint with the Conn.,Statewide Grievance Committee against Thomas #05-1042. During the year 06, R.,filed a Complaint with them also against Hickey #06-0860. One of the claims R., had alleged in both Complaints was both attorneys failed to obtain the said evidence. ; Another claim was, What is the Records Retention Policy for the state of Conn.,? What is the FBI's Records Retention Policy? Are'nt the WPD & The FBI(D-Conn.) statutorily obligated to preserved evid.,? The said attorneys did not answer the above questions and the Committee still ruled,"no probable cause of misconduct existed!" As already mentioned the state did not prosecute R., like they did in Conn.vs.J.A.R.,90C.A.312/876A2d606(C.A.2005)"Carrying Pistol Without a permit". R., fingerprints were not found on the firearm! The Suppression of evidence Motion was heard without above mentioned evidence! It was denied and was not appealed. The telephone(anonymous)call, it was never determined exactly where it came from. R., was held in non federal facilities for 15 months, however Mr.Thomas did not cite U.S.vs.Hernandez Santiago 92F2d 97 (2ndCir.1997). Nor was R., ever released during pretrial on bail!

"...long incarceration in non federal facilities vs.,federal facilities warrant a downward departure ...p 92F3d97,99,

ARGUMENT

Altho the aggrieved movant, did not testified at any stage of the proceedings, he strenuously suggested & demonstrated his credible claim of actual innocence! R.,name was not on the lease to the Apt., where this arrest took place.R., was merely a quest inside of this dwelling like Jenkins (WPD that participated in the raid)

3)

was(See U.S.vs.J.,80F3d814(3rdCir.1996)Reversed&Remanded) Nor was the movant's fingerprints taken off the firearm.Despite the testimonies of the arresting officers who claimed to see R., actually possessing this firearm. The <u>Police radio communications</u> were not subpoenaed.It would have either corroborated or refuted the Police version of what was supposed to have occurred. It was fraudulently concealed in violation of Jencks 18U.S.C.§3500 Demands For Production of Statements of Witnesses. "A criminal def., in a Federal Court proceedings is entitled to access to govt.,documents for assistance in cross examination of witnesses in order to impeach for prior inconsistent statements." The said tapes were clearly reasonable foreseeable! Payton was also charged with violating 18U.S.C.§ 922(g) ....924(e) but was also convicted of constructively poss., the weapon, not actually poss.,it. The movant was never charged & convicted of constructive poss., like Jenkins & Payton. A constructive poss., charge is more easy to convict a def., of it. The U.S.Citizens Protection Act of 1998, is supposed to safeguard American Citizens from unfair, abusive & unethical conduct by employees of the Justice Dept.,..Mr.Thomas did not even mentioned the said act. It is clear that R., is actually innocence of the said charge! The incident was <u>created</u> by the Police!

When it's in the state of Conn., best interest they always preserve these records. See the following: Conn.vs.Rodriquez881A2d371(C.App.05)Conn.vs.Trafionda223C.273/612 A2d45(C.1992) Mr.Thomas could have defended the movant (on anonymous tip) as follows: Decision: Anonymous tip that person is carrying gun held to be,without more, insufficient under Federal Const., 4th amdt., to justify police officer's stop and <u>frisk</u> of that person." FL. vs.J.L.146L.Ed.2d 254(2000) Conn.vs.Hammond778A.2d108(Conn.2001)Altho state law is not binding in Federal Court it still has to be considered.

The Betances case & the Bermudez Case mentioned on p.2, clearly shows that the production of Police Radio Communications tapes (i.e.,the failure)is a "continuous course of misconduct" and needs to be addressed at once!

Mr.Thomas clearly omitted these significant & obvious issues at trial & on appeal. While pursuing issues that were weaker. See Mayo vs.Henderson13F3d528(2ndCir.1994)

The following should also be mentioned, there is a "<u>One year Records Retention Policy</u>" in the state of Conn.,.See the Cain Mandate in Conn.vs.Cain25C.A.503(C.A.1991)&225C.731(C.1992)See the Florack Ruling too, because it clearly supports the Cain Mandate.155FRD49(W.D.N.Y.1994)

It was <u>Fraud on the Court,</u> because both the defense Counsel & the Govt.'s Counsel, both knew that the U.S District Court(D-Conn.)did lack jurisdiction. It was a Demjanjuk vs Petrosky violation, See 10 F3d 338,348(6thCir.1993) The evidence adduced at trial was insufficient to satisfy the

---

Footnote    Sweeton vs. Brown 27F3d 1162,1169(6th Cir.1994)
The following should have been mentioned under jurisdictional statement on page # 1: "Issues regarding juris.,....(1) is never moot, cannot be waived and cannot be conferred upon a federal court by consent, inaction, or stipulation and can be raised at any stage of the the criminal proceedings.

the Interstate commerce ruling in Bell,"a close & contemporaneous interstate nexus is required in a poss., case."See U.S.vs.Bell 524F2d 202,(2ndCir.1975) However the movant will first addressed the "Fraud on the Court" in regards to the Jencks violation."Fraud on the Court consists of conduct: (1)on the part of officer of the court, (2) that is directed to judicial machinery itself, (3) that is, intentionally false,willfully blind to the truth, or is in reckless disregard for the truth, that is positive averment or is concealment when one is under duty to disclose, that deceives court." It was Fraud, because both the defense Counsel & the Govt.'s Counsel, both knew that the Police Radio Communications should have been subpoenaed. The tapes could have proved that the movant was actually innocence of the charges.(Mr.Thomas failed to subpoenaed the tapes.)There is a reasonable probability that if the movant had the tapes during the arresting police officers testimonies, it would had been a different outcome. The movant was prejudiced by Thomas' failure to subpoenaed the tapes.The conviction was obtained by the unconstitutional failure(which is 5th amdt., violation) of the Defense C., & Govt., Atty.,to disclose (It was fraudulent concealment) to the defendant favorable & exculpable evidence. It was also a denial of the movant's 6th amdt., right to effective assistance of counsel! Even the U.S. Citizen's Protection Act of 1998 was violated. The Atty.Gen., Shall punish J.Dept.,employees for the following conduct: (1)In the absence of probable cause seek the Indictment of any person.(7) Act to frustrate or impede a defendant's right to discovery; The movant, as relief is requesting an Evidentiary hearing in regards to this claim. (It should here, also be mentioned, that the Florack ruling supports the preservation of Police Radio Communications at the U.S.District Court,level.)The M., cited Florack on p.4,.

     It was Fraud on the court, because of the lack of jurisdiction too!. The defense C., & the Govt.,C., both knew that the Federal Court did lack jurisdiction.The movant moves this court for a ruling that his conviction & sentence should be void, because they are sourced in Fraud on the court. The Govt.,Atty., prosecuted the movant with following: See p.3, U.S.vs.Cartere 981F2d645(2ndCir.1992)Cert.denied,—U.S.—113S.Ct.1827,123L.Ed.2d456(1993) However Bell, supra,(1975) had already ruled to the contrary,

"A contemporaneous interstate nexus is necessary for a "possession" conviction under statute making it an offense for a convicted felon to receive, possess ot transport in commerce or affecting commerce any firearm" Key #4
"Defendant's possession of 38 calibar revolver, which was manufacture in Brazil any purchased by def., in Va., several years prior to his arrest, did not constitute a sufficient nexus with interstate commerce to warrant conviction of possession of a firearm in violation of statute making it an offense for a convicted felon to receive, possess ot transport in commerce affecting commerce." Key #4
"Mere possession of a firearm by a felon after it has traveled in interstate commerce does not constitute a possession in "commerce or affecting commerce" within the meaning of statute making it a offense for a felon to receive, possess or transport in commerce or affectingcommerce; a close and contemporaneous interstate nexus is required in a possession case." Key#4, 524F2d202(2ndCir.1975)
"....the crime of possession is more traditionally in the realm of the state court jurisdiction."

5

The case, Scarborough vs. U.S. 431 U.S. 563, 97S.Ct.1963, 52L Ed 2d 582(1977), occurred within the 4th cir.,. The U.S.SupCt., granted Certiorari and affirmed! However the U.S.SupCt., Scarborough ruling still does not explicitly overrule the previous Bell ruling.

"Even well considered or judicial dictum by the U.S.SupCt.,is not binding on lower federal courts, however, it must be given considerable weight and cannot be ignored in resolving a close question."
Key #92

Bell also offer another prong,

" The Govt., next urges that the great weight of circuit court authority following Bass, with the sole exception of U.S.vs.Cassity, 509 F2d 682(9thCir.1974),supports the proposition that possession of a weapon by a felon after it has traveled in interstate commerce violates the statute. We do not agree. The only case squarely in point on this question is Cassity and the court there followed the Bass dictum. In that case as here the def., had been convicted of possessing a firearm which had previously traveled in interstate commerce but had come to rest when the def., was arrested and the gun seized. The court noted the Bass distinction and the fact that the def., had not been convicted of transporting or receiving a firearm but of possessing it. Therefore the past interstate travel was _insufficient_ and the conviction was reversed." 524 F2d 202, pp.206-7

In the instant case, the firearm may have been in the state of Conn., 30 years. Who knows(without the serial #s) and the burden of proving this element was on the Govt.,Atty. As a result, the interstate nexus was erased. The U.S.D.Court(D-Conn.) had no jurisdiction,because of the 2 prong test of Bell. Bell vs. Carter, which is the controlling case?

C.A.2(N.Y.)1986. "One panel of the court of Appeals is bound by a decision of a prior panel unless and until its rationale is over ruled, implicitly or expressly, by U.S.SupCt.,or by the C.A., en banc." U.S.vs.Ianniello,808 F2d 184,Certiorari denied Cohen vs.U.S., 107 S.Ct.3229,483U.S.1006, 97 L.Ed.2d 736 and 107 S.Ct.3230,483 U.S.1006, 97L.Ed.2d 736. Courts key 90(2).

"One panel of C.A., is ordinarily bound by prior panel decisions."
"One panel of C.A., is not bound by a prior panel decision whose rationale is overruled ,implicity or expressly, by the U.S.SupCt.,." Zervos vs.Verizon N.Y.,.INC.252 F3d 163(2ndCir.2001)

Bell therefore is the controlling case!

Thomas _failed_ to mentioned Bell and as a result an egregious miscarriage of justice occurred. The movant was prejudiced, by being convicted of a state charge in federal court. If Thomas would of cited Bell their is a reasonable probability the outcome would have been different. The aggrieved movant is requesting that the U.S.D.Court give him an _evidentiary hearing_ to determine it. If the aggrieved movant is denied relief, he will claim that he was denied his U.S. Constitutional 5th amdt., rights i.e., "_due process_" & " _= Protection of the federal law_". The movant will claim this, because the court _failed_ to give him the relief, that the 2nd Cir., had already given to the _similiar situated_ Marce Bell. Bell's case was reversed & remanded!

For the Govt.,Atty., to prosecute R., under Carter, despite the prior ruling in Bell was clear*Stare Decisis violation! (to stand by decided matters)the doctrine or policy of siguiente i.e.,following rules or principles laid down in pre-

6

vious judicial decisions unless they contravene the ordinary principles of justice.Compare dictum) Once again, this was a violation of the Citizen's Protection Act of 1998. There is a reasonable probability, that if Thomas would had cited Bell during pretrial (i.e.,the 2 prong test) the indictment would had been dismissed at once! Instead Bell was fraudulently concealed from the court. The is also a reasonable probability i.e., if Thomas would had cited U.S.vs.Hernandez Santiago 92F3d 97(2ndCir. 1996) during Rivera's sentencings, he would had received a reduction in sentence because of his pretrial stay in non federal facilities.

(The U.S.District Court(D-Conn.) had made another Stare Decisis violation in U.S.vs.Payton. That proof showed that a woman named S.K., purchased the FL., in 1991,and subsequently gave it to her husband ,B.K., who transported it to S.C., before moving to Conn., in Sept.1992.. Once in Conn.,B.K., testified, he sold it to a young B.M., on the street around Xmas time of 1992. 159F2d 49, pp.54-55, The weapon was in the state of Conn., for 25 months. Which according to Bell means that the weapon had "come to rest" therefore erasing the interstate nexus. Despite Bell Payton was still convicted of 18U.S.C. § 924(e). How many others were convicted of this violation despite Bell? There is a clear "Continuous Course of misconduct" here.)

## VERIFICATION

Jose M.Rivera verifies under the penalty of perjury that the facts and circumstances asserted in this claim & motion are true and correct, this ___14th___ day of December 2006
The movant is presently still incarcerate under the terms of this judgment

Jose M.Rivera,Prose #15276-014
U.S.P.    P.O.Box 1000
Lewisburg,Pa. 17837

CERTIFICATE OF SERVICE

The movant certify that a copy of the attached motion has been served in accordance with the applicable rules of practice and/or procedure on December the _____14th_____ 2006, on the following:

The U.S.District Court (D-Conn.)
J.Stefan F.Underhill
915 Lafayette Boulevard
Bridgeport,Conn. 06604

The Govt., Attorney's Office
Mr.Eric Glover, Assist. U.S.Atty.
P.O. Box 1824
New Haven, Conn. 06508

Jose M.Rivera,Prose #15276-014
U.S.P.   P.O.Box 1000
Lewisburg,Pa. 17837