UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSE M. RIVERA : CASE NO. 3:03CR242(SRU)

v.

: May 3, 2007

UNITED STATES OF AMERICA

### GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION FOR COLLATERAL RELIEF

The government respectfully submits this response to the *pro se* Motion for Collateral Relief filed pursuant to 28 U.S.C. § 2255 by the petitioner, Jose M. Rivera (Doc. #77). Rivera was convicted by a jury of being a felon in possession of a firearm and sentenced to 180 months of imprisonment.

Rivera makes two main arguments. First, Rivera essentially claims that he was provided with ineffective assistance of counsel because defense counsel failed to subpoena the anonymous telephone call and the police radio transmission relating to his arrest. However, defense counsel did in fact request copies of both the anonymous telephone call and the police radio transmission and the government provided them to him. Second, Rivera argues that the government did not satisfy the "in or affecting commerce" element of 18 U.S.C. § 922(g). But the Second Circuit affirmed Rivera's conviction over just this argument, finding that the district court's jury instructions were proper and that the government's evidence was sufficient. Accordingly, this Court should deny petitioner's Motion for Collateral Relief.

I. **BACKGROUND**

On August 26, 2003, a federal grand jury in Connecticut returned a one-count indictment charging Rivera with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Trial by jury began on March 8, 2004, and on March 10, 2004, the jury found Rivera guilty.

The petitioner was sentenced on May 28, 2004 and the district court entered judgment on June 1, 2004. The government argued that Rivera should be sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he had been convicted of three predicate felonies, the third of which was first degree escape. The district court, however, found that Rivera's escape conviction did not qualify for a predicate felony under the ACCA because it was an escape conviction for failure to return, which it concluded was not a crime that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Thus, the district court sentenced Rivera to ten years of imprisonment, rather than the fifteen-year statutory minimum under the ACCA, to be followed by three years of supervised release. The district court did not fine the defendant, but ordered him to pay a $100 special assessment.

On June 8, 2004, the defendant filed a timely notice of appeal, arguing that the district court improperly instructed the jury as to the interstate commerce requirement of 18 U.S.C. § 924(e). On June 15, 2004, the government filed a timely notice of cross-appeal, in which it contended that the district court improperly refused to sentence Rivera under the ACCA. The Second Circuit affirmed the district court's conviction of Rivera for being a felon in possession

of a firearm in violation of 18 U.S.C. § 924(g), vacated the ten-year sentence imposed by the district court, and remanded for resentencing under 18 U.S.C. § 924(e).[1]

On June 28, 2005, the petitioner was sentenced on remand to fifteen years of imprisonment, to be followed by five years of supervised release with special conditions. The district court did not fine the defendant, but ordered him to pay a $100 special assessment.

On December 26, 2006, the petitioner filed his Motion for Collateral Relief.

## II.  APPLICABLE LAW

The Second Circuit has summarized the principles governing resolution of claims raised in § 2255 motions as follows:

> [N]ot "every asserted error of law can be raised on a § 2255 motion." Davis v. United States, 417 U.S. 333, 346 (1974). The grounds provided in section 2255 for collateral attack on a final judgment in a federal criminal case are narrowly limited, and it has "long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." United States v. Addonizio, 442 U.S. 178, 184 (1979). As a general rule, "relief is available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Hardy v. United States, 878 F.2d 94, 97 (2d Cir.1989) (quoting Addonizio, 442 U.S. at 185)).

Napoli v. United States, 32 F.3d 31, 35 (2d Cir. 1994).

Generally, in order for a claim of error to be raised on collateral review, the claim must have been preserved at trial and on direct appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a habeas only if the

---

[1] The Second Circuit found that in light of United States v. Jackson, 301 F.3d 59 (2d Cir. 2002), Rivera's previous escape conviction qualified as a predicate felony for sentencing under the ACCA.

defendant can first demonstrate either 'cause' or actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998). One exception to this rule is for ineffective assistance of counsel claims. Ineffective assistance of counsel claims may be brought in a § 2255 motion whether or not the petitioner could have raised them on direct appeal. See Massaro v. United States, 538 U.S. 500 (2003).

An individual challenging his conviction on the basis of ineffective assistance of counsel bears a heavy burden. See, e.g., United States v. Atherton, 846 F. Supp. 170, 173 (D. Conn. 1994). The Supreme Court has held that a defendant must first establish that his counsel's performance "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). In making this evaluation, great deference is given to counsel's judgment:

> Because of the difficulties inherent in making an evaluation [of effectiveness], a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

Id. at 689.

Second, even if a petitioner can meet this first prong, a petitioner must show that counsel's unprofessional errors actually prejudiced the defense. "[T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A defendant must meet both requirements of the Strickland test to demonstrate ineffective assistance of counsel. If the defendant fails to satisfy one prong, the court need not consider the other. Strickland, 466 U.S. at 697.

## III. DISCUSSION

The petitioner essentially argues for collateral relief for two reasons: (1) that he was provided ineffective assistance of counsel, and (2) that the government failed to prove the jurisdictional element of the offense. As discussed below, the defendant's claims are without merit and thus this Court should deny his Motion for Collateral Relief.

### A. Rivera was Provided Effective Assistance of Counsel

The essential gist of petitioner's claim is that defense counsel was ineffective because he failed to request the anonymous telephone call and the police radio transmission. The factual premise underlying the claim is incorrect. Defense counsel did in fact request in writing copies of both the anonymous telephone call and the police radio transmission. See Ltr. from Paul F. Thomas to Assistant U.S. Attorney Eric J. Glover, dated Oct. 17, 2003 (attached hereto as Exhibit A). Moreover, the government provided the requested items to defense counsel. Specifically, the government provided defense counsel with, inter alia, a cassette tape containing (1) an anonymous telephone call placed on March 4, 2003 complaining about a potential gang fight at 233 River Street, and (2) the subsequent broadcast and radio traffic relating to the arrest of Rivera (and others) at that address the same day. See Ltr. from Assistant U.S. Attorney Eric J. Glover to Paul F. Thomas, dated Jan. 2, 2004, and attachments (attached hereto as Exhibit B). Petitioner therefore obviously cannot make out an ineffective assistance claim based on defense counsel's failure to request the anonymous telephone call and the police radio transmission.

### B. The District Court had Jurisdiction to Sentence Rivera

The petitioner also appears to claim that the district court lacked jurisdiction in that the government failed to prove that the possession of the firearm was "in or affecting commerce"

5

under 18 U.S.C. § 922(g). But the Second Circuit rejected just such an argument in affirming Rivera's conviction on direct review, see United States v. Rivera, No. 04-3769, 127 Fed. Appx. 543, 2005 WL 767437 (2d Cir. 2005) (attached hereto as Exhibit C), and it was correct to have done so.

One of the elements of the offense of being a felon in possession of a firearm is that the possession of the firearm must be "in or affecting commerce." 18 U.S.C. § 922(g); see also United States v. Smith, 160 F.3d 117, 122 n.2 (2d Cir. 1998) ("The three simple elements of the charged offense are (1) knowing possession of the firearm, (2) a previous felony conviction, and (3) the possession being in or affecting commerce."). In United States v. Carter, the Second Circuit held that the interstate commerce element of § 922(g)(1) is met if the firearm in question has "traveled previously in interstate commerce." United States v. Carter, 981 F.2d 645, 647 (2d Cir. 1992). The Second Circuit concluded that the district court in that case had properly instructed the jury that, to prove that element of the offense, "'[i]t is sufficient . . . that the firearm allegedly possessed or received by the defendant had at some point previously traveled across a state line.'" Id. (quoting instructions)(alteration and omission in original); see also id. at 648 (noting that "the requirement that the firearms have been 'in or affecting commerce' is satisfied 'merely upon a showing that the possessed firearm has previously . . . traveled in interstate commerce.'") (quoting Scarborough v. United States, 431 U.S. 563, 567 n.5 (1977)).[2]

---

[2] The Second Circuit has on numerous occasions re-affirmed its holding that to satisfy its burden with respect to the interstate commerce element, the government need only prove that the firearm possessed by the defendant previously traveled across a state line, which can be established by presenting evidence that the firearm was manufactured out of state. See, e.g., United States v. Palozie, 166 F.3d 502, 503 (2d Cir. 1999)(per curiam)(affirming conviction in face of interstate commerce challenge where jury was charged that the government could carry its
(continued...)

At trial, the government's position was that it had to prove beyond a reasonable doubt that the specific firearm Rivera was charged with possessing at the time of his arrest in Connecticut had been manufactured out of state, specifically, in Massachusetts. Rivera, 127 Fed. Appx. at 544. The government did not prove how the firearm moved from Massachusetts to Connecticut. Id. This was consistent with the jury instruction that the district court gave for the interstate commerce requirement of 18 U.S.C. § 922(g), which was as follows:

> The third element that the government must prove beyond a reasonable doubt is that the specific firearm Jose Rivera is charged with possessing had been transported in interstate or foreign commerce prior to March 4, 2003. This means that the government must prove that at some time prior to the defendant's possession the firearm at issue had been transported in interstate or foreign commerce. The government can satisfy this element by proving that at any time prior to March 4, 2003, the firearm crossed a state line or the United States border. It is not necessary that the government prove that the defendant himself carried it across a state line or that the defendant knew that the firearm had previously been transported in interstate commerce.

Rivera, 127 Fed. Appx. at 544.

The Second Circuit found no error in this instruction. Id. at 544-45. And, as both the district court and the Second Circuit found, the government's evidence satisfied this instruction. Id. The government offered Special Agent John Fretts of the Bureau of Alcohol, Tobacco and Firearms, as an expert witness, to which the defendant had no objection. Special Agent Fretts testified that the firearm at issue was a Stevens 12 gauge shotgun which had been manufactured

---

²(...continued)
burden by proving that the firearm "had at some time previously traveled across a state line"); United States v. Sanders, 35 F.3d 61, 62 (2d Cir. 1994)(per curiam)(stating in case involving interstate commerce challenge to possession of ammunition under § 922(g) that "[o]ur decision in [Carter] disposes of this appeal"); United States v. Jones, 16 F.3d 487, 491 (2d Cir. 1994) ("Testimony that a weapon was manufactured out of state is generally sufficient to meet the interstate commerce element.").

by the Savage Arms Corporation in Westfield, Massachusetts. Tr. 212, 215.[3] The shotgun itself contains engraved writing indicating that it was manufactured by the Savage Arms Corporation, Westfield, Massachusetts. Tr. 213. Special Agent Fretts also testified that he conducted research in gun publications. Tr. 214-15. In addition to testifying that the firearm was manufactured in Massachusetts, Special Agents Fretts testified that the manufacturer had never manufactured guns in Connecticut. Tr. 215.

The petitioner's reliance on United States v. Bell, 524 F.2d 202, 205 (2d Cir. 1975), is ill-founded. Bell was clearly overruled by the Supreme Court in Scarborough v. United States, 431 U.S. 563 (1977), in which the Court held that proof that the possessed firearm previously traveled in interstate commerce is sufficient to satisfy the statutorily required nexus between the possession of a firearm by a convicted felon and commerce. Moreover, in Scarborough, the Court appears to have assumed that evidence of manufacture in a state or nation other than the state in which the firearm was possessed was sufficient to show that the firearm had traveled in interstate commerce. The Court indicated that "the Government offered evidence to show that all of the seized weapons had traveled in interstate commerce," Scarborough, 431 U.S. at 565, and specifically noted that the Government's evidence on one of the firearms leading to conviction consisted of the fact that the firearm "was manufactured in France in the 19th century and was _somehow later_ brought into Virginia." Id. at 565 n.2 (emphasis added)(citation omitted); see also United States v. Thomas, 810 F.2d 478, 480 (5th Cir. 1987)(noting same). The Court was thus under no impression that the government had to show _how_ or _when_ the firearm at issue got to

---

[3] Citations to the trial transcript are cited as "Tr. ___."

Virginia, only that the defendant possessed it in Virginia and that it had been manufactured in France.

Accordingly, the petitioner's argument that the "interstate nexus" was deficient because it is not known how long the firearm was at rest in Connecticut fails. Since the government proved that the firearm was manufactured in Massachusetts and Rivera was found possessing the firearm in Connecticut, it is immaterial how long the firearm was at rest in Connecticut. Indeed, as the Second Circuit has noted, the full Commerce Clause power encompasses firearms that "have [traveled] previously in interstate commerce," which includes "a firearm whose only connection to commerce was the previous crossing of a state line." United States v. Palozie, 166 F.3d 502, 505 (2d Cir. 1999).[4]

---

[4] Petitioner's two subsidiary arguments are also without merit. First, petitioner's reliance on Florida v. J.L., in which the Supreme Court held that an anonymous tip lacked sufficient indicia of reliability to establish reasonable suspicion to justify a Terry investigatory stop, is inapplicable to the facts at hand. Florida v. J.L., 529 U.S. 266 (2000). Here, the three officers of the Gang Task Force of the Waterbury Police Department who responded to a call that a gang fight was about to break out each testified that as they were exiting their vehicles and making their way to the scene, they saw Rivera holding a shotgun inside the entrance to a multi-unit apartment building. Thus, clearly the plain sight of the sawed-off shotgun in Rivera's hands and not the anonymous tip provided the officers with reasonable suspicion to justify the stop. See Terry v. Ohio, 392 U.S. 1 (1968).

Second, petitioner's argument that his fingerprints were not found on the firearm is of no import. The government is not required to use all methods of proof, rather what is required is that the government prove the petitioner's guilt as to an element beyond a reasonable doubt. "A defendant who challenges the sufficiency of the evidence [supporting his conviction] is faced with a formidable burden." United States v. Podlog, 35 F.3d 699, 705 (2d Cir. 1994)(citation omitted). "The pieces of evidence must be viewed in conjunction, not in isolation, with every inference drawn in the Government's favor." Id. (citations omitted). Moreover, it was not necessary for the government to prove that the petitioner's fingerprints were on the gun. See United States v. Moore, 208 F.3d 411 (D. Conn. 2000)(although there were no identifiable fingerprints found on the gun, the evidence was sufficient to support a 18 U.S.C. § 922(g) conviction; notably, the officers saw the defendant outside an apartment with a handgun tucked

(continued...)

## IV. CONCLUSION

For the foregoing reasons, this Court should deny the petitioner's Motion for Collateral Relief.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

By: JAMES K. FILAN, JR
ASSISTANT UNITED STATES ATTORNY
Federal Bar No. ct15565

For: ERIC J. GLOVER
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. CT23923
U.S. Attorney's Office
157 Church Street, 23rd Floor
New Haven, CT 06510
(203) 821-3700

---

[4] (...continued)
in his waistband, and then chased the defendant into his aunt's apartment where they found him in bed feigning sleep and the handgun in a closet nearby).

## **CERTIFICATION**

      This is to certify that a copy of the foregoing Government's Response to Petitioner's Motion for Collateral Relief was sent by First Class mail, postage pre-paid, this 3rd day of May 2007 to:

Jose M. Rivera, pro se  
Inmate No. 15276-014  
USP LEWISBURG  
U.S. PENITENTIARY  
P.O. Box 1000  
Lewisburg, PA. 17837

                                                     By:   JAMES K. FILAN, JR.  
                                                              ASSISTANT U.S. ATTORNEY

                                                     For:   ERIC J. GLOVER  
                                                              ASSISTANT U.S. ATTORNEY

OCT 17 '03 10:06AM FEDERAL DEFENDER-NH                                    P.2/2

**FEDERAL DEFENDER**
DISTRICT OF CONNECTICUT
2 WHITNEY AVENUE, SUITE 300
NEW HAVEN, CONNECTICUT 06510

THOMAS G. DENNIS                                        TEL: (203) 498-4200
FEDERAL DEFENDER                                        FAX: (203) 498-4207

October 17, 2003

Via Facsimile

Eric Glover, Esq.
U.S. Attorney's Office
P.O. Box 1824
New Haven, CT 06508

Re: <u>United States v. Jose Rivera</u>

Dear Eric:

By way of additional discovery, I request copies of the following:

1) police radio transmissions on 3/4/03 relating to the events at 233 River Street;

2) anonymous telephone call on 3/4/03 reporting an impending fight at 233 River Street;

3) police reports regarding all other arrests on 3/4/03 at 233 River Street; and

4) photographs of defendant Jose Rivera on 3/4/03;

Please let me know if you will provide these items

Sincerely,

Paul F. Thomas
Asst. Federal Defender

PFT/mtm

**EXHIBIT A**



U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*        (203) 821-3700
*157 Church Street, 23rd Floor*
*New Haven, Connecticut 06510*        *Fax (203) 773-5373*

January 2, 2004

Paul Thomas, Esq.
Assistant Federal Defender
2 Whitney Avenue, Suite 300
New Haven, CT 06510

      Re:   **United States v. Jose Rivera**
              **Criminal No. 3:03 CR 242 (SRU)**

Dear Paul:

    Enclosed are items produced by the Waterbury Police Department in response to my request to them based on your letter dated October 17, 2003. There are two items. The first is a cassette tape containing (i) an anonymous telephone call placed on March 4, 2003 complaining about a potential gang fight at 233 River Street, and (ii) the subsequent broadcast and radio traffic relating to the arrest of your client (and others) at that address the same day. The second is the mug shot of your client taken by WPD after his arrest.

    Please call me if you have any questions.

                                  Very truly yours,

                                  KEVIN J. O'CONNOR
                                  UNITED STATES ATTORNEY

                                  ERIC J. GLOVER
                                  ASSISTANT UNITED STATES ATTORNEY

Enc.

# EXHIBIT B

2003-19069

# WATERBURY POLICE DEPARTMENT
### 255 E Main Street
### Waterbury, CT 06702

## MUGSHOT



| NAME : RIVERA, JOSE, M, | | | LDA: | |
|---|---|---|---|---|
| LKA: | | | | |
| DOB: | | RACE: HISPANIC | SEX: MALE | |
| HEIGHT: 5'06" | WEIGHT: 155 | EYES: | HAIR: | |
| SSN: | | LIC: | | |
| SMT: | | | | |
| AKA: | | | | |



Westlaw.

127 Fed.Appx. 543

Page 1

127 Fed.Appx. 543, 2005 WL 767437 (C.A.2 (Conn.))
(Cite as: 127 Fed.Appx. 543)

C
U.S. v. Rivera
C.A.2 (Conn.),2005.
This case was not selected for publication in the Federal Reporter.RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: " (SUMMARY ORDER)", UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.Please use FIND to look at the applicable circuit court rule before citing this opinion. Second Circuit Rules § 0.23. (FIND CTA2 s 0.23.)
United States Court of Appeals,Second Circuit.
UNITED STATES of America,
Appellee-Cross-Appellant,
v.
Jose RIVERA,
Defendant-Appellant-Cross-Appellee.
Nos. 04-3769(L), 04-3773.

April 6, 2005.

**Background:** Defendant was convicted in the United States District Court for the District of Connecticut, Underhill, J., for being a felon in possession of a firearm, and was sentenced to 10 years in prison. Defendant appealed the conviction, and the government appealed the sentence.

**Holdings:** The Court of Appeals held that:

(1) government was not required to prove that the defendant himself carried the firearm across a state line or that he knew that the firearm had previously been transported in interstate commerce, and

(2) prior escape conviction qualified as a predicate felony for purpose of sentencing under the Armed Career Criminal Act (ACCA).

Affirmed in part; vacated in part, and remanded for resentencing.
West Headnotes
[1] Weapons 406 ⬧⟶4

406 Weapons
    406k4 k. Manufacture, Sale, Gift, Loan, Possession, or Use. Most Cited Cases
To satisfy the interstate commerce requirement for offense of being a felon in possession of a firearm, the government was not required to prove that the defendant himself carried the firearm across a state line or that the defendant knew that the firearm had previously been transported in interstate commerce. 18 U.S.C.A. § 922(g).

[2] Sentencing and Punishment 350H ⬧⟶1263

350H Sentencing and Punishment
    350HVI Habitual and Career Offenders
        350HVI(C) Offenses Usable for Enhancement

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT C

127 Fed.Appx. 543																																																																															Page 2

127 Fed.Appx. 543, 2005 WL 767437 (C.A.2 (Conn.))
**(Cite as: 127 Fed.Appx. 543)**

350HVI(C)1 In General
    350Hk1261 Violent or Nonviolent Character of Offense
        350Hk1263 k. Particular Offenses. Most Cited Cases
Prior escape conviction of defendant convicted for being a felon in possession of a firearm qualified as a predicate violent felony, for purpose of sentencing under the Armed Career Criminal Act (ACCA), regardless of the circumstances or conduct involved with the escape. 18 U.S.C.A. §§ 922(g), 924(e).

Appeal from the United States District Court for the District of Connecticut (Underhill, J.).

Eric J. **Glover**, Assistant United States Attorney ( Kevin J. O'Connor, United States Attorney for the District of Connecticut; William J. Nardini, Assistant United States Attorney, on the brief) New Haven, CT, for Appellee-Cross-Appellant.
Paul F. Thomas, Assistant Federal Defender ( Thomas G. Dennis, Federal Public Defender) New Haven, CT, for Defendant-Appellant-Cross-Appellee.

Present: WESLEY, HALL, Circuit Judges, and MUKASEY, Chief District Judge.[FN1]

> FN1. The Honorable Michael B. Mukasey, Chief Judge of the United States District Court for the Southern District of New York, sitting by designation.

### SUMMARY ORDER

\*\*1 UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the \*544 District Court convicting Rivera of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) be **AFFIRMED**, and that the ten year sentence imposed by the district court be **VACATED** and **REMANDED** for resentencing under 18 U.S.C. § 924(e).

Defendant Rivera was tried before a jury on a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). At trial, the Government put on evidence that the firearm in Rivera's possession at the time of his arrest in Connecticut had been manufactured in Massachusetts. The Government did not, however, put on evidence as to how the firearm had moved from Massachusetts to Connecticut. Over defendant's objection, the district court instructed the jury that, as to the interstate commerce requirement of 18 U.S.C. § 922(g):
The third element that the government must prove beyond a reasonable doubt is that the specific firearm **Jose Rivera** is charged with possessing had been transported in interstate or foreign commerce prior to March 4, 2003.
This means that the government must prove that at some time prior to the defendant's possession the firearm at issue had been transported in interstate or foreign commerce. The government can satisfy this element by proving that at any time prior to March 4, 2003, the firearm crossed a state line or the United States border. It is not necessary that the government prove that the defendant himself carried it across a state line or that the defendant knew that the firearm had previously been transported in interstate commerce.

Government's Brief at 14-15 (quoting Tr. 481-82).

At sentencing, the Government argued that Rivera should be sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he had been convicted of three predicate felonies, the third of which was first degree escape. Rivera contested that his escape conviction qualified as a predicate felony for sentencing under the ACCA. The district court concluded that it did not, because it was an escape conviction for failure to return, which the district court concluded was not a crime that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Thus, the district court sentenced Rivera to ten years of imprisonment, rather than to the fifteen year statutory mandatory minimum under the ACCA. The Government and defendant appeal.

\*\*2 As they did below, defendant and the Government argue that the district court erred.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

127 Fed.Appx. 543

Page 3

127 Fed.Appx. 543, 2005 WL 767437 (C.A.2 (Conn.))
**(Cite as: 127 Fed.Appx. 543)**

Defendant contends that the district court improperly instructed the jury as to the interstate commerce requirement of 18 U.S.C. § 922(g) while the Government presses that the district court improperly refused to sentence defendant under the Armed Career Criminal Act, 18 U.S.C. § 924(e).

[1] Defendant's specific contention is twofold. Defendant's first argument is that the government's evidence that the firearm crossed a state line, without more, is insufficient to establish that the firearm had been transported in interstate commerce. *See* Defendant's Brief at 10. Defendant's second argument is that, for the same reasons that the government's evidence was insufficient, the jury charge as to the interstate commerce requirement was in error because it " established a conclusive but erroneous presumption, in violation of the defendant's due process rights under the Fifth Amendment." Defendant's Brief at 17. The Government responds that Second Circuit precedent clearly condones the jury charge as it was given, and that therefore there was no *545 error and the Government's evidence was sufficient. In light of *United States v. Carter*, 981 F.2d 645, 648 (2d Cir.1992) (citing *Scarborough v. United States*, 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977)). we agree with the Government and affirm Rivera's conviction.

[2] The Government's contention as to Rivera's sentence is that under *United States v. Jackson*, 301 F.3d 59 (2d Cir.2002), Rivera's previous escape conviction qualifies as a predicate felony for sentencing under the ACCA. We agree. *Jackson* brushed with a broad stroke, taking a categorical approach, as instructed by *Taylor v. United States*, 495 U.S. 575, 600-02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See* 301 F.3d at 61. Specifically, in *Jackson* we "look[ed] only to the fact of conviction and the statutory definition of the prior offense rather than to the underlying facts of a particular offense." *Id.*

We thus framed the issue in *Jackson* as "whether escape, regardless of the particular circumstances, amounts to a violent felony under § 924(e); that is, whether every escape constitutes 'conduct that presents a serious potential risk of physical injury to another.' " *Id.* at 61-62. We concluded that it did, observing that "[e]very circuit court that has considered the issue has held that an escape, from whatever location by whatever means, constitutes ' conduct that presents a serious potential risk of physical injury to another.' *See, e.g., United States v. Hairston*, 71 F.3d 115, 117-18 (4th Cir.1995); *United States v. Houston*, 187 F.3d 593, 594-95 (6th Cir.1999); *United States v. Moudy*, 132 F.3d 618, 620 (10th Cir.1998)." *Id.* at 62. That observation remains true today; indeed, four circuits have since joined us, three of them citing *Jackson* in the process. *See, e.g., United States v. Thomas*, 361 F.3d 653, 660 (D.C.Cir.2004), *vacated on other grounds; United States v. Bryant*, 310 F.3d 550, 553-54 (7th Cir.2002); *United States v. Turner*, 285 F.3d 909, 915 (10th Cir.2002).

**\*\*3** We explicitly stated in *Jackson* that:
An inmate who escapes by peacefully walking away ... will (if he can) be inconspicuous and discreet, and will (if he can) avoid confrontation and force.
But escape invites pursuit; and the pursuit, confrontation, and recapture of the escapee entail serious risks of physical injury to law enforcement officers and the public.

301 F.3d at 63. Failure to return is a type of escape. *See* Black's Law Dictionary 564 (7th ed.1999) ("1. The act or an instance of breaking free from confinement, restraint, or an obligation. 2. An unlawful departure from legal custody without the use of force."). Because we held in *Jackson* that "every escape constitutes 'conduct that presents a serious potential risk of physical injury to another,' " 301 F.3d at 61-62, we now conclude that *Jackson's* broad holding precludes the district court's evaluation of whether the crime of failure to return "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). As such, defendant must be resentenced under the ACCA.

Accordingly, for the reasons set forth above, the judgment of the District Court convicting Rivera of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) is hereby **AFFIRMED**, and the ten year sentence imposed by the district court is hereby **VACATED** and **REMANDED** for

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

127 Fed.Appx. 543

Page 4

127 Fed.Appx. 543, 2005 WL 767437 (C.A.2 (Conn.))
**(Cite as: 127 Fed.Appx. 543)**

resentencing under 18 U.S.C. § 924(e).

C.A.2 (Conn.),2005.
U.S. v. Rivera
127 Fed.Appx. 543, 2005 WL 767437 (C.A.2 (Conn.))

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.