UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE M. RIVERA,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | CRIMINAL NO.<br>3:03cr00242 (SRU) |

**RULING ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

Jose M. Rivera has filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, principally raising an ineffective assistance of counsel claim. For reasons that follow, his petition is **DENIED**.

**I.     Background**

On August 26, 2003, a grand jury returned a one-count indictment charging Rivera with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Rivera moved to suppress evidence of the firearm. I held an evidentiary hearing and denied the motion. Trial by jury began on March 8, 2004, and on March 10, 2004, the jury found Rivera guilty.

On May 28, 2004, I sentenced Rivera to ten years of imprisonment, followed by three years of supervised release. The government had sought a fifteen-year mandatory minimum sentence to be followed by three years of supervised release, under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The government sought sentencing under the ACCA because it contended that Rivera met the requirement of three predicate felonies, the third of which was first degree escape. I found, however, that Rivera's escape conviction did not qualify for a predicate felony under the ACCA because it was an escape conviction for failure to return, which I concluded was not a crime that "involves conduct that presents a serious potential risk of

physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

On June 8, 2004, Rivera filed a timely notice of appeal, arguing that I improperly instructed the jury with respect to the interstate commerce requirement of 18 U.S.C. § 922(g). The government filed a timely notice of cross-appeal on June 15, 2004, claiming that I had improperly refused to sentence Rivera under the ACCA. The Second Circuit affirmed Rivera's conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), vacated his ten-year sentence, and remanded for sentencing under 18 U.S.C. § 924(e). *United States v. Rivera*, 127 F. App'x 543, Nos. 04-3769(L), 04-3773 (2d Cir. Apr. 6, 2005).

On June 28, 2005, I re-sentenced Rivera to fifteen years of imprisonment, to be followed by five years of supervised release.[1] On December 26, 2006, the petitioner filed his Motion for Collateral Relief.

## II.     Standards

A prisoner in federal custody who believes that his "sentence was imposed in violation of the Constitution or the laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). The statute further provides:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto . . . .

28 U.S.C. § 2255(b).

---

[1] Rivera filed a timely notice of appeal on July 5, 2005. The government moved for summary affirmance, which was granted on January 20, 2006. *United States v. Rivera*, No. 05-3622-cr (2d Cir. Jan. 20, 2006).

To determine whether the petitioner is entitled to a hearing, the court looks "primarily to the affidavit or other evidence proffered in support of the application in order to determine whether, if the evidence should be offered at a hearing, it would be admissible proof entitling the petitioner to relief. In this regard, mere generalities or hearsay statements will not normally entitle the applicant to a hearing, since such hearsay would be inadmissible at the hearing itself. Rather, the petitioner must set forth specific facts which he is in a position to establish by competent evidence." *LoCascio v. United States*, 395 F.3d 51, 57 (2d Cir. 2005) (citations, quotations, and alterations omitted). "[A] district court need not assume the credibility of factual assertions . . . where the assertions are contradicted by the record in the underlying proceeding." *Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009).

Rivera contends that he was sentenced "in violation of the Constitution" because his counsel at trial and on appeal was so ineffective as to fall below the requirement of the Sixth Amendment. The Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984), established the standard for evaluating the performance of counsel. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. *Strickland* provides a two-part test for making that evaluation:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687. In other words, not only must Rivera show that "counsel's representation fell below

an objective standard of reasonableness," *id.* at 688, but also that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Moreover, the Court made it clear that counsel's conduct must be evaluated from his perspective "at the time," without the "distorting effects of hindsight." *Id.* at 689. Rivera's burden is substantial: he must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.*

To establish his right to a hearing Rivera "must set forth specific facts" that, if true, demonstrate both that his attorney's performance "fell below an objective standard of reasonableness," and that "absent counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different." *LoCascio*, 395 F.3d at 57; *see also Puglisi*, 586 F.3d at 213-16 (providing extended discussion of standard petitioner must meet to show entitlement to evidentiary hearing, and applying that standard to a claim of ineffective assistance of counsel). Because he fails to meet this standard, Rivera is not entitled to a hearing.

### III. Discussion

Rivera argues that his counsel conducted an ineffective cross-examination of Waterbury police officers and should have requested (1) the tape of the anonymous phone call to the police alerting them that a gang fight was about to break out, and (2) the police radio communications following the anonymous tip. Rivera appears to claim that an anonymous phone call led to his arrest in violation of his Fourth Amendment right to be free from unreasonable search and seizure, and that the evidence he is seeking may prove that his arrest was illegal. He further appears to claim that his counsel's failure to acquire that evidence resulted in Rivera being

-4-

denied a full and fair opportunity to litigate the suppression question.

Rivera's claim is without merit. Rivera's factual assertions are not plausible and his description of the evidence presented is inaccurate. It was not an anonymous phone call that led to the stop or his arrest. The three officers who responded to the scene in response to an anonymous phone call that a gang fight was about to break out all testified that, as they were exiting their vehicles and making their way to the scene, they saw Rivera holding a shotgun. It was the sight of the shotgun that provided the officers with reasonable suspicion to justify the stop. *Terry v. Ohio*, 392 U.S. 1 (1968). Thus, even if Rivera had shown that counsel's performance was deficient in failing to acquire particular documents,[2] he has failed to show he was prejudiced by counsel's performance because the uncontroverted evidence showed that the stop was legal.

Rivera also claims that he is entitled to relief because the district court lacked jurisdiction over his case. He claims because the government failed to prove that his possession of the firearm had an interstate commerce nexus. The Second Circuit rejected that argument when it affirmed Rivera's conviction on direct review. *Rivera*, 127 F. App'x at 544-45. In arguing that the interstate commerce nexus must be satisfied for a conviction under 18 U.S.C. § 922(g), Rivera relies on *United States v. Bell*, 524 F.2d 202, 205 (2d Cir. 1975). He further argues that

---

[2] The government provided evidence that his counsel did, in fact, request copies of both the anonymous telephone call and the police radio transmission. (Gov. Resp. to Pet.'s Mot., doc. # 79, Ex., Letter from Paul F. Thomas, Assistant Federal Defender, to Eric J. Glover, Assistant U.S. Attorney, Oct. 17, 2003.) The government provided Rivera's counsel with "a cassette tape containing (i) an anonymous telephone call placed on March 4, 2003 complaining about a potential gang fight at 233 River Street, and (ii) the subsequent broadcast and radio traffic relating to the arrest of your client." (*Id.*, Ex., Letter from Eric J. Glover to Paul Thomas, Jan. 2, 2004.) Though these facts are disputed by Rivera, there is no need to address the factual dispute because the arrest was not based on the anonymous phone call.

his attorney's failure to cite that case amounts to ineffective assistance of counsel. This claim is also without merit. *Scarborough v. United States*, 431 U.S. 563 (1977), effectively overturned *Bell*. The Second Circuit has affirmed that in order to satisfy the interstate commerce element, the government only needs to show that the weapons previously crossed state lines. *See United States v. Carter*, 981 F.2d 645, 647 (2d Cir. 1992). A *de minimis* showing that the possessed firearm previously traveled in interstate commerce is sufficient. *See United States v. Palozie*, 166 F.3d 502, 505 (2d Cir. 1999). Counsel's performance was not deficient because he failed to cite to an abrogated case.

Rivera has not provided evidence indicating that "counsel's representation fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, or that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. Accordingly, his ineffective assistance claims are without merit.

In his petition for collateral relief, Rivera makes the further claim that he was wrongly convicted because his fingerprints were not found on the gun. A defendant who challenges the sufficiency of evidence supporting his conviction "is faced with a formidable burden" because "every inference" is drawn in favor of the government. *See United States v. Podlog*, 35 F.3d 699, 705 (2d Cir. 1994). The government does not need to prove that Rivera's fingerprints were on the gun because that evidence is not necessary for a reasonable jury to conclude that defendant had been in possession of the gun. *See United States v. Moore*, 208 F.3d 411, 413 (2d Cir. 2000).

Finally, Rivera did not raise the fingerprint issue or a challenge to the suppression ruling on direct appeal. Where a defendant fails to raise a claim on direct appeal, "the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,'

or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). Rivera has not in any way met that standard. Accordingly, Rivera's claims on the merits of his case are procedurally barred. Finally, Rivera is not entitled to a hearing because he has failed to allege "specific facts" that show "a reasonable probability that the outcome of the proceeding would have been different."

IV.     **Conclusion**

For the foregoing reasons, Rivera's motion to vacate his sentence (**doc. # 77**) is **DENIED**. It is so ordered.

Dated at Bridgeport, Connecticut, this 22nd day of July 2010.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge